UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 0 4 2006 ★
BROOKLYN OFFICE

ORIGINAL
D&F
C/M

----------------------------------------x
ALEXANDER IVAMOV,
a/k/a Alexander Ivanov,

           Petitioner,

-against-

J. TAYLOR, SUPERINTENDENT,
GOUVERNEUR CORRECTIONAL
FACILITY, and ELIOT SPITZER, ATTORNEY
GENERAL OF THE STATE OF NEW YORK,

           Respondents.
----------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-25 (FB)

*Appearances:*
*For the Petitioner:*
ALEXANDER IVANOV, *pro se*
01-R-2062
Gouverneur Correctional Facility
Post Office Box 480
Gouverneur, NY 13642-0370

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: CAMILLE O'HARA GILLESPIE, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Petitioner, Alexander Ivanov ("Ivanov"), is currently in custody pursuant to a judgment of the Supreme Court of the State of New York, Kings County, convicting him of one count of first-degree robbery and sentencing him to 6 years' imprisonment.[1]

---

[1] Some preliminary comments about the parties:

The petition is brought in the name of "Alexander Ivamov, a/k/a Alexander Ivanov." As the petitioner refers to himself as "Alexander Ivanov," the Court will do likewise.

The petition names as respondents "J[ustin] Taylor, Superintendent, Gouverneur

Proceeding *pro se* and *in forma pauperis*, he petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the ground that he was deprived of his Sixth Amendment right to effective assistance of counsel. He alleges that his state-court trial counsel (1) failed to conduct an adequate pretrial investigation, principally by failing to contact and interview potential alibi witnesses; and (2) improperly advised him regarding a plea offer. With regard to the first claim, the petition is denied; with regard to the second, the Court concludes that an evidentiary hearing is required.

I.

**A. AEDPA**

The two claims raised in Ivanov's petition are timely, *see* 28 U.S.C. § 2244(d), and exhausted. *See id.* § 2254(b-c). Moreover, both claims were adjudicated on the merits when the Supreme Court, Kings County, denied Ivanov's motion to vacate his conviction pursuant to § 440.10 of the New York Criminal Procedure Law. *See Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001) ("'Adjudicated on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.").

---

Correctional Facility, and Eliot Spitzer, Attorney General of the State of New York." Under 28 U.S.C. § 2242, the proper respondent to a *habeas* petition is "the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The Supreme Court recently reiterated that, "in *habeas* challenges to present physical confinement[,] the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Under *Padilla*, respondent Spitzer is not a proper party to these proceedings.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to Ivanov's petition, closely circumscribes *habeas* review of claims that have been adjudicated on the merits by a state court; *habeas* relief may not be granted on such claims unless the state-court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state-court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state-court decision involves an "unreasonable application" of clearly established federal law if the state court correctly identifies the governing Supreme Court precedent, but unreasonably applies it to the particular facts of a case. *See id.* at 409. "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510. 520-21 (2003) (citations omitted); *see also Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) ("Some increment of incorrectness beyond error is required. We caution, however, that the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.") (internal quotation marks omitted).

3

## B. *Strickland*

For ineffective-assistance claims, "*Strickland* [*v. Washington*, 466 U.S. 668 (1984),] is the relevant 'clearly established Federal law, as determined by the Supreme Court of the United States[.]'" *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001). Under *Strickland*, Ivanov must make two showings: First, he must show that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," *Strickland*, 466 U.S. at 688; in so doing, he must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, he must show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694; a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Failure to satisfy either prong of *Strickland* is fatal to an ineffective-assistance claim. *See id.* at 696 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

## C. Evidentiary Hearings in *Habeas* Proceedings

"[W]here specific allegations before the court show reason to believe that [a *habeas*] petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Drake v. Portuondo*, 321 F.3d 338, 345 (2d Cir. 2003)

4

(citations and internal quotation marks omitted). Those "necessary facilities and procedures" do not, however, include an evidentiary hearing in every case. *See, e.g., Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (approving resolution of factual disputes based on affidavits in some circumstances). Thus, under Rule 8(a) of the Rules Governing Section 2254 Cases, when a *habeas* petition is not summarily dismissed, a district court must review the record "to determine whether an evidentiary hearing is warranted."

Factors relevant to the determination of whether to hold an evidentiary hearing "include the existence of a factual dispute, the strength of the proffered evidence, the thoroughness of prior proceedings, and the nature of the state court determination." *Pagan v. Keane*, 984 F.2d 61, 64 (2d Cir. 1993). Moreover, in cases brought by state prisoners, the decision is constrained by 28 U.S.C. § 2254(e)(2), which provides that, with certain exceptions not pertinent here, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim[.]"

## II.

### A. Failure to Investigate and Interview Potential Witnesses

With regard to Ivanov's claim that Bark provided constitutionally deficient representation by failing to conduct an adequate pretrial investigation, the Court concludes that an evidentiary hearing is not warranted; the existing record belies Ivanov's conclusory contention that Bark went to trial unprepared. Bark requested and obtained discovery. He also sought and obtained pretrial hearings on whether there was probable cause to arrest Ivanov, *see Dunaway v. New York*, 442 U.S. 200 (1979); whether certain evidence

5

should be suppressed, *see Mapp v. Ohio*, 367 U.S. 643 (1961); and whether the robbery victim's identification of Ivanov was constitutionally permissible. *See United States v. Wade*, 388 U.S. 218 (1967). He also investigated the case to the point that he was able to mount a viable, though unsuccessful, misidentification defense. The state court did not unreasonably apply *Strickland* in concluding that Ivanov failed to demonstrate that Bark's investigation "fell below an objective standard of reasonableness . . . under prevailing professional norms." 466 U.S. at 688.

Bark's failure to contact and interview two potential alibi witnesses also does not rise to the level of ineffective assistance. While Bark's inaction may also have been justified by strategic considerations, it is easier to dispose of this aspect of Ivanov's claim under *Strickland*'s prejudice prong. Ivanov's own trial testimony established that his potential alibi witnesses would have accounted for his whereabouts on the night of the robbery until 2:30 a.m. at the latest; the robbery occurred nearly 30 minutes later at a gas station only three blocks away. On these facts, the state court did not unreasonably apply *Strickland* in concluding that Ivanov had failed to demonstrate a reasonable probability that the potential witnesses' testimony would have resulted in his acquittal.

### B. Advice Regarding Plea Offer

Ivanov's claim that Bark improperly advised him regarding a plea offer is, like his first ineffective-assistance claim, subject to *Strickland*'s two-part test. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) ("The same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process."). Unlike the first claim, however, which could be decided on the existing record, this second claim requires an

evidentiary hearing.

As an initial matter, the Court concludes that Ivanov did not fail to develop the factual basis for this claim in state court. In support of his § 440.10 motion, he submitted affidavits setting forth the facts on which the claim was based and specifically requested a hearing to develop those facts; the state court summarily denied Ivanov's motion, thereby implicitly denying his request for a hearing. Section 2254(e)(2) does not apply in these circumstances. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) (holding that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."); *Portuondo*, 321 F.3d at 347 ("[W]here, as here, a *habeas* petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." (citation and internal quotation marks omitted)).

Moreover, the factors relevant to the Court's decision all weigh in favor of an evidentiary hearing. The affidavits submitted by Ivanov and Bark create a legitimate factual dispute as to whether Bark informed Ivanov of the sentencing range he faced if convicted by a jury; this is a key issue in determining whether Bark's representation was objectively unreasonable under *Strickland*. *See Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000) (noting that counsel's duty to advise client regarding plea offer usually includes "inform[ing] the defendant of the strengths and weaknesses of the case against him, *as well as the alternative sentences to which he will most likely be exposed*" (emphasis added)). Moreover, Ivanov's affidavit, coupled with the disparity between the sentencing scenarios

7

(six months under the plea offer versus five to 25 years if convicted by a jury), creates a legitimate factual issue as to whether Ivanov can satisfy *Strickland*'s prejudice prong by showing a reasonable probability that he would have taken the plea offer had he known of his potential sentencing exposure. *See Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) ("[A] significant sentencing disparity in combination with defendant's statement of his intention [to accept a plea offer] is sufficient to support a prejudice finding.").

The state court had at least two opportunities to resolve these factual disputes. First, the court could have taken the simple prophylactic measure of insuring that Ivanov was aware of all the consequences of rejecting the plea offer before trial. Second, the court could have resolved the disputes by holding a hearing on Ivanov's § 440.10 motion. *See* 28 U.S.C. § 2254(e)(1) (providing that state-court findings of fact are to be presumed correct unless petitioner provides "clear and convincing" evidence to the contrary). The state court's failure to do either puts the burden on this Court to develop the facts underlying Ivanov's claim.

The Court further concludes that the factual disputes cannot be resolved based solely on affidavits. Although the Second Circuit approved of this "middle road" between summary dismissal and a full-blown evidentiary hearing in *Chang*, 250 F.3d at 86, it is inappropriate here. Unlike the petitioner's allegations in *Chang*, Ivanov's allegations are not particularly "improbable," *id.*; thus, there is a legitimate credibility issue, for which live testimony is particularly important. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 75 (2d Cir. 2001) (en banc). Moreover, in *Chang*, the district court had presided over the criminal trial and, therefore, "was intimately familiar with the trial proceedings and the

8

events and circumstances surrounding them," 250 F.3d at 86; here, the Court has no such preexisting basis upon which to assess the credibility of Ivanov's and Bark's contradictory assertions.

### III.

Respondent Spitzer is dismissed as a party to these proceedings. In addition, insofar as Ivanov claims that Bark failed to conduct an adequate pretrial investigation or failed to contact and interview potential alibi witnesses, his *habeas* petition is denied.

With respect to Ivanov's claim that Bark improperly advised him regarding the plea offer, an evidentiary hearing will be held on the following issues: (1) whether Bark failed to advise Ivanov of his sentencing exposure or otherwise rendered representation with regard to the plea offer that "fell below an objective standard of reasonableness . . . under prevailing professional norms," *Strickland*, 466 U.S. 668; and (2) if so, whether there is a reasonable probability that Ivanov would have accepted the plea offer had he received constitutionally sufficient advice. Under Rule 8(c) of the Rules Governing Section 2254 Cases, "[i]f an evidentiary hearing is warranted, the judge must appoint a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." As Ivanov is proceeding *in forma pauperis*, an order appointing counsel and scheduling a status conference will follow.

**SO ORDERED.**

FREDERIC BLOCK<br>
United States District Judge

Brooklyn, New York<br>
December 16, 2005