UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALEXANDER IVAMOV,
a/k/a Alexander Ivanov,

         Petitioner,

  -against-

J. TAYLOR, SUPERINTENDENT,
GOUVERNEUR CORRECTIONAL
FACILITY, and ELIOT SPITZER, ATTORNEY
GENERAL OF THE STATE OF NEW YORK,

         Respondents.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-25 (FB)

*Appearances:*
*For the Petitioner:*
MICHAEL K. SCHNEIDER, ESQ.
Federal Defenders of New York, Inc.
16 Court Street, 3rd Floor
Brooklyn, NY 11241

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: CAMILLE O'HARA GILLESPIE, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Alexander Ivanov ("Ivanov") petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the ground that he was deprived of his Sixth Amendment right to effective assistance of counsel; he alleges that his state-court trial counsel (1) failed to conduct an adequate pretrial investigation, principally by failing to contact and interview potential alibi witnesses, and (2) improperly advised him regarding a plea offer. By Memorandum and Order dated December 16, 2005, familiarity with which is presumed, the Court denied the first claim and ordered an evidentiary hearing on the second; pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel was appointed to represent Ivanov.

The hearing took place on February 9 and 15, 2006. The Court heard testimony from Ivanov; his father, Grigoriy Gleyzer ("Gleyzer"); his trial counsel, Peter Bark ("Bark"); and Executive Assistant District Attorney Caryn Stepner ("Stepner"). As noted in the December 16 Memorandum and Order, the hearing focused on two issues: "(1) whether Bark failed to advise Ivanov of his sentencing exposure or otherwise rendered representation with regard to the plea offer that 'fell below an objective standard of reasonableness . . . under prevailing professional norms'. . . . and (2) if so, whether there is a reasonable probability that Ivanov would have accepted the plea offer had he received constitutionally sufficient advice." Mem. & O. of Dec. 16, 2005, at 9 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

With regard to the first issue, the Court credits Bark's testimony regarding his representation of Ivanov. The Court therefore finds that Bark, a criminal-defense attorney with more than 30 years' experience, informed Ivanov of the terms of the plea offer and advised him that he faced deportation if he accepted it. The Court further finds that Bark discussed the evidence against Ivanov with him and expressed his opinion that there was a reasonable chance of winning the case. If Bark's assessment was overly optimistic, it was only because of Ivanov's lack of candor with his counsel: Ivanov denied being at the gas station where the robbery took place and provided explanations for the other evidence against him; however, he admitted at the hearing that he had stolen $43 from the gas station. Finally, the Court finds that Bark informed Ivanov of the sentence he likely faced if convicted after trial, as well as the full range of his sentencing exposure. Based on the foregoing findings, the Court concludes that Ivanov has failed to demonstrate
2

that Bark's representation fell below an objective standard of reasonableness under prevailing professional norms.

With regard to the second issue, the Court does not credit Ivanov's testimony that, had he known he faced significantly more than six months' imprisonment, he would have accepted the plea offer. Ivanov steadfastly maintained his innocence throughout the state-court proceedings, thereby manifesting his desire to avoid conviction and, in particular, its possible immigration consequences. Although, as noted, Ivanov abandoned that position in this Court, his eleventh-hour confession serves only to confirm that he is willing to shape his testimony to suit his needs. Thus, independent of whether Ivanov received constitutionally adequate representation, the Court determines that there is no reasonable probability that he would have accepted the plea offer.

For the foregoing reasons, Ivanov's *habeas* petition is denied. Because he has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
February 21, 2005